HALL
v.
BROWN.

HALL *against* BROWN.

Where the pos-
session of a
farm, and some
other matters
in controversy
between the
parties, were
submitted to
arbitration,
and a sum of
money and
possession of
the farm were
awarded to the
defendant,
who brought
an action of
ejectment to
recover the
possession; and
it was then
agreed that the
plaintiff should
give up posses-
sion to the de-
fendant, and
that the de-
fendant should
relinquish his
claim under the
award, and
pay the plain-
tiff 150 dollars,
it was held, in
an action on a
note given to
secure part of
that sum, that
the note was gi-
ven on a good
consideration,
and was valid,
the subsequent
settlement not
being affected
by the previous
award, and the
parties having
authority to va-
ry the rights
acquired under
it.

THIS was an action of *assumpsit* on a promissory note made by the defendant, payable to the plaintiff, dated the 15th of *January*, 1815. The cause was tried before Mr. J. *Yates*, at the *Washington* circuit, in *June*, 1817.

At the trial, the plaintiff proved the note in question. The defendant gave in evidence, that the possession of a certain farm, occupied by the plaintiff, and some other matters were in controversy between the parties, which were submitted to arbitrators, who awarded that the plaintiff should pay the defendant 137 dollars, and deliver up the possession to him. The plaintiff refused to give up the possession, unless compensated for his improvements, and the defendant brought an action of ejectment. The parties afterwards came to a settlement, and it was agreed that the plaintiff should resign the possession of the farm to the defendant, and let him have a barrel of pork, in consideration of which the defendant was to relinquish his claim under the award, and pay the plaintiff 150 dollars. The note in question was given for part of that sum, and the plaintiff delivered the barrel of pork to the defendant. A verdict was found for the plaintiff for the amount of the note, subject to the opinion of the court, on a case containing the above facts.

*Per Curiam.* The only ground of defence relied upon in this case, is the want of consideration for the note on which the suit is founded; and there is no colour for this objection. The note was given upon a fair settlement of a suit pending between the parties, respecting a farm in the possession of the plaintiff, on which settlement, and giving the note now in question, the plaintiff surrendered up the possession of the farm to the defendant.

There having been a previous arbitration between the parties, in relation to some part of the dispute between them, cannot impeach such settlement. They had a right to modify and alter what had previously taken place ; and

the giving up the claim of the defendant under the award <span>NEW-YORK,</span> was one part of the consideration for the plaintiff's surren- <span>May, 1818.</span> dering the possession of the farm to the defendant. The <span>WILLIAMS</span> plaintiff must, accordingly, have judgment upon the verdict. <span>v.<br>SHERMAN.</span>

Judgment for the plaintiff.